UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| WISSAM T. HAMMOUD, | : | CASE NO. 4:20-cv-01707 |
| Petitioner, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 1] |
| vs. | : |  |
| WARDEN MARK K. WILLIAMS, | : |  |
| Respondent. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

*Pro se* Petitioner Wissam T. Hammoud makes a motion for compassionate release. He joins his motion for compassionate release with an emergency habeas corpus petition under 28 U.S.C. § 2241 for alleged Eighth Amendment violations. With his petition, Hammoud says FCI Elkton COVID-19 conditions warrant both his release and warrant orders dealing with the operation of FCI Elkton.[1]

Petitioner's action is **DISMISSED WITHOUT PREJUDICE.**

I. Background

Petitioner's filings allege that Respondent violates his Eighth Amendment rights by failing to protect him from a substantial risk of serious harm from COVID-19.[2] Petitioner argues that Elkton is over-crowded and dangerous.[3] Petitioner also contends that he should be granted compassionate release because of the danger of contracting COVID-19 at Elkton. In the spring, FCI Elkton suffered a serious COVID-19 outbreak. Elkton continues having serious COVID-19 problems.

---

[1] Doc. 1; Doc. 17 at 3.
[2] Doc. 1 at 1.
[3] Doc. 1 at 2.

Case No. 4:20-cv-01707
GWIN, J.

Petitioner Hammoud says a chronic high blood pressure condition puts him at greater risk of life-threatening illness from coronavirus.[4] Further, Petitioner argues that the restrictions and precautions that FCI Elkton implemented during the pandemic have exacerbated his mental health conditions.[5] Petitioner also argues that he has been targeted and abused by prison staff.[6]

The Government opposes the petition.[7]

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 2243, the Court must conduct an initial screening of a Hammoud's petition.[8] *Pro se* pleadings, including petitions for a writ of habeas corpus,[9] are liberally construed and held to less stringent standards than counsel-drafted pleadings.[10] A petition will be denied "if it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."[11]

### b. Analysis

Petitioner makes an unclear habeas corpus § 2241 petition. He argues that the conditions of his confinement violate his constitutional rights, presumably Eighth Amendment rights. He also requests compassionate release.

---

[4] Doc. 1 at 3–4. Petitioner has not been identified as a member of the subclass of vulnerable inmates at FCI Elkton identified by the Court in *Wilson v. Williams*, 455 F. Supp. 3d 467, 473 (N.D. Ohio 2020). Doc. 35-1.
[5] Doc. 1 at 3–4.
[6] *Id.* at 3; Doc. 17 at 3.
[7] Doc. 15.
[8] *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970)).
[9] *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).
[10] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).
[11] *Suaza v. Department of Justice*, 14 Fed. Appx. 318, 319 (6th Cir. 2001) (citing 28 U.S.C. § 2243).

Case No. 4:20-cv-01707
GWIN, J.

### i. Eighth Amendment Claims

A § 2241 petition "'is appropriate for claims challenging the execution or manner in which [a prisoner's] sentence is served[,]'" but "'is not the proper vehicle for a prisoner to challenge conditions of confinement.'"[12]  A federal prisoner who wishes to challenge the conditions of his confinement must file a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[13]

In *Wilson v. Williams*, this Court discussed the jurisdictional line between a cognizable § 2241 claim and a conditions-of-confinement claim:

> Courts have attempted to clarify the types of claims appropriate for habeas relief and distinguish those claims from civil rights claims more appropriately resolved under § 1983. The general result has been that challenges to the fact or duration of confinement that seek release sound in habeas whereas actions challenging the conditions of confinement raise concerns properly addressed under § 1983. . . . Inmates challenging BOP's COVID-19 response challenge the dangerous conditions within the prison created by the virus. However, the only truly effective remedy to stop the spread is to separate individuals—a measure that in our nation's densely populated prisons is typically impossible without the release of a portion of the population. So, such actions ultimately seek to challenge the fact or duration of confinement as well.[14]

The Sixth Circuit affirmed this analysis.[15]

---

[12] *Luedtke v. Berkebile*, 704 F.3d 465, 465-66 (6th Cir. 2013) (citing two additional Sixth Circuit cases that found the same); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).
[13] *See Grief v. Williams*, No. 4:19-CV-2450, 2019 WL 5864783, at *2 (N.D. Ohio Nov. 8, 2019) (citations omitted).
[14] *Wilson*, 455 F. Supp. 3d at 475.
[15] *Wilson v. Williams*, 961 F.3d 829, 837–38 (6th Cir. 2020) ("Petitioners seek release from Elkton and allege that there are 'no mitigation efforts that Elkton could undertake that would prevent the risk of contraction—and possible later spread to the non-prison community—to any acceptable degree, other than immediate release of the Medically-Vulnerable Subclass.' . . . Rather than arguing that there are particular procedures or safeguards that the BOP should put in place to prevent the spread of COVID-19 throughout Elkton, petitioners contend that there are no conditions of confinement sufficient to prevent irreparable constitutional injury at Elkton. They therefore seek release. Our precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement.").

Case No. 4:20-cv-01707
GWIN, J.

To the extent Petitioner challenges the conditions of his confinement as a violation of the Eighth Amendment,[16] § 2241 cannot give this court jurisdiction for the claim. Conditions of confinement claims must be brought under § 1983 and the Prison Litigation Reform Act controls such claims. Further, this Court does not have jurisdiction to address such a claim under the Prison Litigation Reform Act.[17]

Reading *pro se* Petitioner's filings generously, Petitioner's petition and reply argue that Respondent was deliberately indifferent to a substantial risk of serious harm when it did not identify him as a member of the medically vulnerable subclass in the pending *Wilson* case.[18] Petitioner states that his high blood pressure, "heart conditions in family history," and mental health conditions should have included him in the subclass.[19]

As of October 29, 2020, Petitioner stated that he had tested positive for COVID-19, although he is unclear when he tested positive.[20] Petitioner alleges overcrowding and other unacceptable conditions at FCI Elkton.[21] Petitioner further contends that alleged mistreatment and assaults, as well as alleged discrimination from a misclassification as an "international terrorist" in his prison files, create extraordinary circumstances in his case.[22]

These allegations attempt to state an Eighth Amendment conditions-of-confinement claim rather than challenge the "execution or manner" of confinement under § 2241. As conditions-of-confinement claims, the PLRA says they must be made to a three-judge court.[23]

---

[16] Doc. 17 at 3.
[17] *Wilson*, 961 F.3d at 838 (citing *Luedtke*, 704 F.3d at 466). Further, in *Wilson*, the Sixth Circuit noted that "[t]he PLRA does not apply in habeas proceedings." *Wilson*, 961 F.3d at 839.
[18] Doc. 17 at 3.
[19] Doc. 1 at 2–3; Doc. 17 at 3; Doc. 1-6.
[20] Doc. 31-3 at 2.
[21] Doc. 1 at 2.
[22] Doc. 17 at 3. *See also Hammoud v. Mosley*, No. 5:18-cv-1332-RMG, 2018 WL 3912357, at *1 (D.S.C. Aug. 15, 2018).
[23] 18 U.S.C. § 3626(a)(3)(B).

- 4 -

Case No. 4:20-cv-01707
GWIN, J.

### ii. Compassionate Release Claim

The Court reads Petitioner's petition to also include a claim for compassionate release under 18 U.S.C. § 3582. This Court does not have jurisdiction. Section 3582 limits jurisdiction to the sentencing court.[24] The Middle District of Florida sentenced Petitioner.[25]

## III. Conclusion

For the foregoing reasons, the Court **DISMISSES WITHOUT PREJUDICE** Hammoud's motion for a writ of habeas corpus.

IT IS SO ORDERED.

Dated: November 30, 2020        *s/        James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[24] *See, e.g.*, *United States v. Wright*, No. 17-20334, 2020 WL 5906706, at *1 (E.D. Mich. Oct 6, 2020); *Mitchell v. Warden*, No. 17-20334, 2020 WL 5111209, at *1 (C.D. Cal. Aug. 27, 2020); *Ambriz v. United States*, 465 F. Supp. 3d 630, 632 (N.D. Tex. 2020); *Tuozzo v. Shartle*, No. 13–4897 (RMB), 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014); *Lewis v. Warden, FMC-Rochester*, No. 06–329 ADM/RLE, 2006 WL 1134760, at *1 (D. Minn. Apr. 27, 2006).

[25] Doc. 1 at 1.